GEORGE STEPSON *v*. STATE OF INDIANA.

[No. 571S130. Filed October 28, 1971.]

*George A. Purvis,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Frederick R. Spencer,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by George Stepson from a conviction of robbery. Appellant waived his right to trial by jury, and the cause was tried before the Honorable John T. Davis, Judge, Marion Criminal Court, Division One. Appellant was found guilty, and was sentenced to the Indiana Reformatory for a term of not less than ten (10) years nor more than twenty-five (25) years.

Appellant entered a plea of not guilty to the affidavit, which, omitting the caption reads as follows:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came EARL MARTIN who, being duly sworn, upon his oath says that GEORGE STEPSON on or about the 6th day of AUGUST, A.D. 1970, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting DOROTHY WILLINGHAM in fear, take from the person and possession of the said DOROTHY WILLINGHAM, money, then and there of the value of Forty Nine Dollars ($49.00), in lawful money, which property the said DOROTHY WILLINGHAM then and there lawfully held in her possession and was then and there the property of J. A. HOGSHIRE SONS, INCORPORATED, doing business as GAY DANS, then and there being . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The affidavit was filed pursuant to IC 1971, 35-13-4-6, (Ind. Ann. Stat. § 10-4101 [1956 Repl.]), which reads, so far as applicable, as follows:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty if robbery, and on conviction shall be imprisoned not less than ten (10) years nor more than twenty-five (25) years . . ."

Appellant's Motion to Correct Errors was overruled, and appellant initiated this appeal which raises the following issues:

1. That the decision is not supported by sufficient evidence.
2. That the decision of the trial court is contrary to law.

A review of the evidence most favorable to the state reveals that early on the morning of August 6, 1970, appellant entered the back door of Gay Dans restaurant, located on West 16th Street in Indianapolis, Indiana, wearing a nylon stocking over his face. Appellant, who was armed, told the waitress that this was a "holdup," and he ordered her to give him the money in the cash register. Upon receiving the money, appellant ordered the waitress to lie flat on the floor. Appellant then fled. Shortly after the robbery a customer came into the restaurant, discovered what had happened, and called the police.

About two weeks later appellant again entered the restaurant, this time through the front door and accompanied by two friends. Coffee was purchased, and appellant and his companions departed. Thomas Vester, an Indianapolis Police Officer, had observed the three subjects walking in the shadows toward the restaurant. Thinking that foul play might be forthcoming, Officer Vester stopped to investigate. The waitress told Officer Vester that she recognized appellant Stepson as the person who had robbed the restaurant while she was on duty two weeks earlier. Appellant was placed under arrest at this time. At trial, the waitress, Mrs. Willingham, positively identified the appellant as the robber. Her testimony was uncontradicted and unimpeached.

Appellant's argument that the evidence is insufficient to sustain the conviction is apparently primarily aimed at the

reliability of the evidence relating to the identification of appellant as the robber. More specifically, appellant contends:

1. The State's witness, Mrs. Willingham, was scared during the holdup, a fact which should demonstrate that her observations were unreliable.

2. The holdup man was masked with a nylon stocking which covered his entire face.

3. Mrs. Willingham testified that the appellant had a "speeding" walk, an observation, appellant argues, that is wholly unreliable for purposes of identification.

It is appellant's contention that above-mentioned conditions existing at the time the waitress made her observations cast reasonable doubt on the reliability of the identification of the appellant as the holdup man.

Before proceeding to review this matter, it should be observed that it is the long standing rule of this State that this Court will neither weigh the evidence on appeal, nor determine the credibility of witnesses. *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514. If there is substantial evidence of probative value from which the trier of fact could infer guilt beyond a reasonable doubt, the conviction will be upheld. *Hardin* v. *State* (1970), 254 Ind. 56, 257 N. E. 2d 671.

This Court is of the opinion that appellant's contentions go strictly to the weight of the evidence. The State's witness, Mrs. Willingham, was in a position to observe, and did, in fact, observe the holdup man during the commission of the crime. Although the holdup man's face was completely covered with a nylon stocking, it cannot be seriously contended that identification was therefore made impossible. Further, the testimony concerning appellant's "speeding" walk was given in response to questions asked by counsel for *appellant*. The manner of appellant's walk was not the basis of his identification. Also, the fact that Mrs. Willingham was scared during the course of the robbery does

not necessarily impair the reliability of her observations to such an extent that they should be found unreliable as a matter of law.

Appellant also relies on other evidence in the case, which, he contends, casts reasonable doubt on the conviction. Such evidence, or lack thereof, is as follows:

1. The lack of any testimony by Police Officer Aurs, who received the radio run on the night of the robbery, that the victim, Willingham, gave him a description of the holdup man.

2. The fact that the appellant was in and out of the restaurant two times on August 20, 1970, the date of his arrest, but the victim did not call the police or seem alarmed, and just served the appellant coffee.

3. The fact that appellant did not attempt to flee from Officer Vester when he was arrested.

4. The fact that no gun or stocking was found on the appellant when he was arrested.

5. The fact that the appellant had an identical twin brother.

While the aforementioned evidence might well tend to infer that appellant was not the robber, these facts and the inferences that could reasonably be drawn therefrom certainly are not so conclusive that this Court is required to rule, as a matter of law, that the decision reached by the trier of fact cannot stand. In regard to the lack of any evidence that Willingham gave Officer Aurs a description of the holdup man, it is significant to note that there is nothing in the record to indicate that Mrs. Willingham was *unable* to give such description. Also, the fact that Mrs. Willingham failed to call the police the first time appellant entered the restaurant on the date of his arrest certainly doesn't require the fact-finder to conclude that the appellant was erroneously identified. Mrs. Willingham may have been overcome by fear, or she simply might not have been able to get a good view of appellant. The fact that appellant did not attempt to elude the arresting offi-

cer is by no means conclusive evidence of innocence. While no nylon stocking or pistol were found in appellant's possession on the night he was arrested, it is difficult to perceive of how this fact should be thought to infer that appellant did not possess a nylon stocking or pistol on the night of the robbery. Assuming that appellant does have an identical twin brother, this fact alone is not sufficient to require the finding that it was the twin brother and not the appellant who committed the robbery. All of the above evidence gives rise to certain inferences. These inferences may properly be accepted or rejected by the trier of fact. The trier of fact had the opportunity to observe the witneses and to hear and weigh the evidence. It was his duty and function to resolve conflicts in evidence and determine the credibility of witnesses. Apparently the trier of fact rejected the inferences which the appellant is advancing on this appeal. This Court is of the opinion that the conviction is sustained by substantial evidence of probative value, and this finding will not be disturbed on appeal.

For the foregoing reasons the trial court's decision is affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 274 N. E. 2d 242.